1                  IN THE UNITED STATES DISTRICT COURT

2                FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                          SAN JOSE DIVISION

4


5

   PHIGENIX, INC.,                    )   CV-15-1238-BLF
6                                      )
                      PLAINTIFF,       )   SAN JOSE, CALIFORNIA
7                                      )
              VS.                      )   JULY 2, 2015
8                                      )
   GENENTECH, INC.,                    )   PAGES 1-34
9                                      )
                      DEFENDANT.       )
10                                     )

11

12                    TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE BETH LABSON FREEMAN
13                  UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16   FOR THE PLAINTIFF:      EDWARD VINCENT KING, JR.
                             KING & KELLEHER, LLP
17                           FOUR EMBARCADERO CENTER, 17TH FLOOR
                             SAN FRANCISCO, CA 94111
18

19   FOR THE DEFENDANT:      MICHAEL JACOBS
                             MATTHEW KREEGER
20                           MORRISON & FOERSTER
                             425 MARKET STREET
21                           SAN FRANCISCO, CA 94105

22              APPEARANCES CONTINUED ON THE NEXT PAGE

23   OFFICIAL COURT REPORTER:     SUMMER FISHER, CSR, CRR
                                  CERTIFICATE NUMBER 13185
24

25         PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
              TRANSCRIPT PRODUCED WITH COMPUTER

1    FOR THE PLAINTIFF:      ROBERT ALAN GUTKIN
                             ANDREWS KURTH LLP
2                            1350 I STREET, NW, STE 1100
                             WASHINGTON, DC 20005
3

```
 1     SAN JOSE, CALIFORNIA                    JULY 2, 2015

 2                    P R O C E E D I N G S

 3        (WHEREUPON, COURT CONVENED AND THE FOLLOWING PROCEEDINGS

 4     WERE HELD:)

 5              THE CLERK:  CALLING CASE 15-1238.  PHIGENIX VERSUS

 6     GENENTECH.

 7           COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.

 8              MR. KING, JR.:  GOOD MORNING, YOUR HONOR.

 9           EDWARD VINCENT KING, JR. FOR PHIGENIX.

10              MR. GUTKIN:  ROBERT GUTKIN, ANDREWS KURTH, ALSO FOR

11     PHIGENIX, YOUR HONOR.

12              THE COURT:  GOOD MORNING.

13              MR. JACOBS:  GOOD MORNING, YOUR HONOR.

14           MICHAEL JACOBS FROM MORRISON & FOERSTER FOR GENENTECH.

15     WITH ME IS MATTHEW KREEGER.

16              THE COURT:  GOOD MORNING.

17           ALL RIGHT.  WE ARE GOING TO SWITCH GEARS.  ALSO FURTHER

18     UGLY CLAIMS AGAINST PARTIES IN RUN OF THE MILL CASES.

19           THIS IS A MOTION TO STRIKE THE SIXTH AFFIRMATIVE DEFENSE

20     IN GENENTECH'S ANSWER.

21           SO I WOULD, I WOULD CERTAINLY LIKE TO HEAR, WELL, LET'S

22     START WITH THE OPENING BRIEF.  PHIGENIX IS SEEKING THIS, AND I

23     WILL LET YOU START.

24              MR. GUTKIN:  THANK YOU, YOUR HONOR.

25           YOUR HONOR, WHAT PHIGENIX IS ASKING FOR IS THEY'RE ASKING
```

1    THE COURT TO EXERCISE THE GATE KEEPER FUNCTION CONSISTENT WITH

2    THERASENSE IN EXERGEN.  WHAT WE ARE DEALING WITH HERE IS WE ARE

3    DEALING WITH ALLEGATIONS OF INEQUITABLE CONDUCT AGAINST A LONG

4    TIME PRACTICING PATENT ATTORNEY AND ALLEGATION THAT IS SHE IS

5    INTENDING TO DECEIVE THE PATENT AND TRADEMARK OFFICE.  SO THEY

6    ARE VERY SERIOUS ALLEGATIONS.

7        AND UNDER THERASENSE AND UNDER EXERGEN, THEY ARE SUPPOSED

8    TO BE PLED WITH SPECIFICITY, MORE SO THAT IT'S NOT MERELY A

9    POSSIBILITY, BUT IT HAS TO TIP THE SCALES BEYOND BEING A

10   POSSIBILITY IT ITSELF TO BE PLAUSIBLE.  AND THERE HAS TO BE

11   ENOUGH IN THERE SO THAT THESE SERIOUS ALLEGATIONS CAN STAND

12   EVEN AT THE PLEADING STAGE, LET ALONE AT THE CLEAR AND

13   CONVINCING EVIDENCE STAGE THAT THERASENSE SETS OUT.

14       AND THERE IS SOME DISTINCTION AS TO WHETHER COURTS FOLLOW

15   THERASENSE AT PLEADING OR THEY DON'T FOLLOW THERASENSE AT

16   PLEADING.  BUT WHAT'S CLEAR IN ALL THE CASES IS THE COURT HAS A

17   DUTY TO EXERCISE A GATE KEEPER FUNCTION BECAUSE OF WHAT THE

18   COURTS HAVE SAID, THE FEDERAL CIRCUIT SPECIFICALLY.

19           THE COURT:  WELL IT SEEM THAT IS 9(B) PLEADING

20   CERTAINLY WOULD APPLY HERE.  THIS IS A FRAUD BASED CLAIM.

21       SO I DON'T THINK THERE'S ANY GETTING AROUND THAT AND I

22   THINK THAT'S CLEAR IN THE LAW.

23       YOU KNOW, I WAS VERY INTERESTED IN YOUR REPLY BRIEF YOU

24   BRING TO MY ATTENTION SECTION 3.01 OF THE LICENSING AGREEMENT

25   THAT PROVIDES THAT DR. WANG IS GIVEN THE AUTHORITY TO ACT AS

1    ATTORNEY AND FACT FOR WE WILL CALL IT FRD, WHO IS THE OWNER OF

2    THE PATENT OR THE PATENTS IN QUESTION, CORRECT?

3            MR. GUTKIN:  WELL, THERE'S A DISTINCTION AND A

4    DISPUTE AS TO WHETHER OR NOT FRD IS IN FACT THE OWNER.  AND

5    THAT'S PART OF WHAT WE WOULD LIKE TO ADDRESS.  BUT THAT IS IN

6    THE LICENSING AGREEMENT THAT SHE DOES HAVE THE ABILITY TO ACT

7    AS ATTORNEY OF FACT.  SO REGARDLESS OF WHICH WAY YOU ARE

8    APPROACHING --

9            THE COURT:  I'M NOT TALKING ABOUT OWNER TODAY, I'M

10   TALKING ABOUT OWNER AT THE TIME THE TERMINAL DISCLAIMER WAS

11   FILED.

12           MR. GUTKIN:  THERE'S STILL A DISPUTE AS TO THAT AS

13   WELL.

14           THE COURT:  YOU MAKE THE DISTINCTION BETWEEN THE

15   RECORDED OWNER AND THE LEGAL OWNER OR THE ACTUAL OWNER.

16           MR. GUTKIN:  WELL, THERE'S STILL A DISPUTE

17   YOUR HONOR.  AND I CAN ADDRESS THAT BRIEFLY IF YOU WOULD LIKE.

18           THE COURT:  YOU KNOW, I DON'T RECALL THAT YOU -- I

19   DON'T RECALL THAT YOU MADE THAT DISTINCTION ABOUT THERE BEING A

20   DISPUTE, AND OF COURSE PHIGENIX AND FRD ARE CO-PLAINTIFFS IN

21   THIS CASE SO THEY ARE NOT TRYING TO DEVELOP THE DISPUTE, I

22   DON'T THINK.

23           MR. GUTKIN:  THEY WERE CO- PLAINTIFFS.  PHIGENIX NOW

24   IS A COMPLETE OWNER OF ALL OF THE PATENTS AT ISSUE.

25           THE COURT:  SO FRD IS NO LONGER A PARTY.

1          MR. GUTKIN:  YES, THAT'S TRUE.

2          THE COURT:  THANK YOU.  I THINK I KNEW THAT BUT HAD

3    NOT RECALLED IT.

4          SO AT THE TIME THE DISCLAIMER WAS FILED THERE WAS A

5    DISPUTE OR AN AMBIGUITY AS TO WHO WAS THE SOLE OWNER.

6          MR. GUTKIN:  AT THE TIME THE TERMINAL DISCLAIMER WAS

7    FILED YOUR HONOR, IT WAS THE UNDERSTANDING OF DR. WANG AND OF

8    COURSE SHE CAN TESTIFY, THAT PHIGENIX WAS IN FACT THE OWNER.

9          THERE WAS AN ASSIGNMENT OF A PROVISIONAL APPLICATION MUCH

10   EARLIER.  THERE WERE NO ASSIGNMENTS RECORDED UNDER EITHER THE

11   PATENT APPLICATION THAT WAS PENDING BEFORE THE PATENT OFFICE.

12         THE COURT:  BUT YOU KNOW GENENTECH IN ITS PAPERS HAS

13   PROVIDED ME WITH SOME CLEAR STATEMENTS BY DR. WANG AND DR.

14   DONALD ABOUT THE KNOWLEDGE THAT PHIGENIX DID NOT OWN THESE

15   PATENTS AT THAT TIME.

16         THAT'S A CONCERN THAT I HAVE.  I MEAN, IS 6.01 JUST A

17   DIVERSION THAT I DIDN'T NEED TO BE CONCERNED ABOUT?  YOUR WHOLE

18   BRIEFING IS NOT TO STRIKE AT WHO OWNED THE PATENTS, NOW MAYBE

19   BECAUSE IT'S A MOTION TO DISMISS, AND SO THAT'S NOT

20   APPROPRIATELY BEFORE ME, BUT I'M NOT SURE THAT THAT'S REALLY

21   SOMETHING THAT I CAN CONSIDER THAT MAY BE WHILE YOU DIFFERENT

22   BRIEF IT OR I DON'T RECALL THAT IT WAS MUCH OF A POINT HERE,

23   IT'S NOT AN ISSUE I CAN RESOLVE AT THIS STAGE.

24         MR. GUTKIN:  THAT'S CORRECT, YOUR HONOR.

25         AND I JUST WANTED TO CLARIFY THAT THERE IS A DISPUTE AND

1      IT ISN'T AN ISSUE THAT CAN RESOLVE AT THIS STAGE.

2              THE COURT:  NO.

3          I GUESS I WAS CONCERNED THAT WHEN I LOOK AT THE TERMINAL

4      DISCLAIMER, IT IS FILED IN THE NAME OF PHIGENIX ONLY.  AND I'M

5      LOOKING AT EXHIBIT B TO THE ANSWER, I GUESS THAT'S WHAT THAT

6      IS.  AND SO DR. WANG HAS SIGNED THIS ON BEHALF OF PHIGENIX.

7              MR. GUTKIN:  CORRECT.

8              THE COURT:  THAT TELLS ME SHE'S ONLY WORKING FOR

9      PHIGENIX WHEN SHE SIGNS THIS, EVEN IF SHE WAS LEGALLY

10     AUTHORIZED UNDER THE LICENSE AGREEMENT TO REPRESENT FRD ON THAT

11     DAY.  SHE'S NOT PURPORTING TO DO THAT.

12         AND SO THE SEPARATE CIRCUMSTANCE THAT SHE COULD HAVE

13     SUBMITTED A JOINT TERMINAL DISCLAIMER WITH JUST HER SIGNATURE

14     IS SIMPLY NOT A FACT THAT EXISTS IN THIS WORLD.

15         AND SO THAT IS A CERTAIN I HAVE AS TO YOUR ARGUMENT THAT

16     PHIGENIX HAD HAD THE SOLE OR HAD THE COMPLETE RIGHT TO

17     PROSECUTE THE PATENT.

18         BUT HERE IT ASSERTS IT WAS THE SOLE OWNER WHICH IS

19     DIFFERENT, I THINK, THAN THE RIGHT GIVEN TO IT IN THE LICENSING

20     AGREEMENT.

21             SO I WANTED TO HEAR FROM YOU ON THAT ISSUE.

22             MR. GUTKIN:  YES, YOUR HONOR.

23         IT IS DIFFERENT.  AND YOU ARE ABSOLUTELY CORRECT.  BUT

24     WHAT HAPPENED HERE IS WHILE THERE WAS AN ASSIGNMENT OF THE

25     PROVISIONAL EARLY ON, THESE LATER APPLICATIONS WERE NOT

1    ASSIGNED SPECIFICALLY AND THERE WAS MUCH LATER RECORDING THAT

2    PURPORTS TO RELATE TO THESE LATER APPLICATIONS.  AND AGAIN, WE

3    ARE JUMPING THE GUN A LITTLE BIT AS TO WHETHER OR NOT THERE'S

4    AN EFFECTIVE TERMINAL DISCLAIMER

5            THE COURT:  YOU KNOW, IT'S REALLY INTERESTING TO ME,

6    AS I READ THESE PAPERS I KEPT THINKING WHAT'S THE OBJECTION,

7    THAT THIS IS OUTSIDE THE RECORD AND IT'S NOT APPROPRIATE FOR A

8    MOTION TO DISMISS.  AND NEITHER OF YOU MADE THAT ARGUMENT.

9            SO I WAS LEFT THINKING WOW, AT THIS EARLY STAGE WHERE I

10   KNOW SO LITTLE ABOUT THE CASE HAVE NEVER BEEN CALLED UPON TO

11   CONSIDER THESE THINGS.  IT'S SO FACTUALLY BASED RIGHT NOW WHAT

12   DR. WANG KNEW, AND IS SHE HELD ACCOUNTABLE FOR THE RECORDED

13   INTEREST OR THE ACTUAL INTEREST.

14       I THINK MR. JACOBS INDICATES THAT WHETHER OR NOT IT'S

15   RECORDED IT'S BINDING AND THAT THERE WERE SUBSEQUENT AFFIDAVITS

16   SIGNED BY DR. WANG AND DR. DONALD ACKNOWLEDGING THAT THEY

17   WEREN'T THE OWNERS, THAT WOULD INDICATE ACTUAL KNOWLEDGE ON

18   THEIR PART IN MAKING THIS UNMISTAKABLY FALSE WHICH IS WHAT WE

19   NEED HERE BECAUSE THERE'S, WE THEN GET INTO ISSUES OF

20   MATERIALITY, AND I STILL HAVE REAL CONCERNS WITH INTENT TO

21   DECEIVE WHICH I THINK EVEN IF THIS IS EGREGIOUS MISCONDUCT,

22   INTENT TO DECEIVE IS STILL REQUIRED IN THE PLEADING STAGE, BUT

23   MR. JACOBS WILL INFORM ME ABOUT THAT.

24           MR. GUTKIN:  YOUR HONOR, IF I COULD JUST ADD ONE

25   POINT.

1          THE COURT:  SURE.

2          MR. GUTKIN:  AND THIS IS ALL WRAPPED TOGETHER IN ONE

3     BIG BUNDLE FOR BETTER OR WORSE.

4          THE COURT:  YES.

5          MR. GUTKIN:  THERE'S A FACTOR THAT DOES MERIT

6     CONSIDERATION ON THIS WHICH IS THE 2013 AMENDMENT TO THE

7     LICENSE AGREEMENT WHERE YOU HAVE THE PARTIES TO THAT LICENSE

8     AGREEMENT, YOU HAVE PHIGENIX AND YOU HAVE MUSC.  AND MUSC

9     BASICALLY STATES THAT THERE HAS NOT BEEN A BREACH OF THE

10    LICENSE AGREEMENT AS OF 2013 ALL OBLIGATIONS DUTIES HAVE BEEN

11    PERFORMED AND THAT IS PART AND PARCEL OF THE LICENSE AGREEMENT

12    THAT'S BEEN PUT INTO ISSUE.

13         SO AS TO THE PARTIES UP UNTIL 2013 THERE'S BEEN NO BREACH

14    FOR GENENTECH TO COME IN AND ASSERT ITS OWN INTERPRETATION OF

15    THE LICENSE AGREEMENT AT THIS POINT AND WHAT THE RELATION IS

16    BETWEEN THE PARTIES.

17         THE COURT:  IS THE LICENSE AGREEMENT INCORPORATED IN

18    THIS SIXTH AFFIRMATIVE DEFENSE OR IN THE COMPLAINT ITSELF, SO

19    THAT I CAN LOOK AT IT.

20         MR. GUTKIN:  IT'S NOT INCORPORATED IN THE COMPLAINT.

21         THE COURT:  WHY AM I LOOKING AT IT NOW?  THIS IS A

22    MOTION TO STRIKE.  WHY AM I LOOKING AT IT NOW?  HOW DOES THAT

23    COME BEFORE ME.

24         MR. GUTKIN:  YOUR HONOR, I BELIEVE IT IS FACTUAL.

25         THE COURT:  WELL THERE ARE A LOT OF FACTUAL THINGS,

1    THAT'S WHY I HAVE TRIALS.

2          BUT THIS IS, I MEAN, AS I SAID I KEPT LOOKING FOR ONE

3    SIDE OR THE OTHER TO SAY HOLD ON THIS IS JUST THE PLEADING

4    STAGE, AND NEITHER OF YOU DID.

5          SO AM I GOING BEYOND THE PLEADINGS, I CAN CERTAINLY

6    CONSIDER ANY DOCUMENT RELIED UPON IN THE PLEADING THAT IS FORM

7    THE BASIS OF THE PLEADINGS WHETHER IT'S ATTACHED OR NOT AND YOU

8    CAN ASK ME TO TAKE JUDICIAL NOTICE OF THE AGREEMENT, NO ONE IS

9    GOING TO DISAGREE THIS IS THE AUTHENTIC COPY OF THE AGREEMENT.

10         BUT YOU ARE ASKING ME TO INTERPRET AND APPLY THE

11   LICENSING AGREEMENT TO THE ALLEGATIONS IN THE AFFIRMATIVE

12   DEFENSE.  AND I QUESTION WHETHER THAT'S APPROPRIATE AT THIS

13   STAGE

14         MR. GUTKIN:  YOUR HONOR, I THINK THE POINT YOU RAISE

15   IS ONE OF THE POINTS I WANTED TO GET TO WHICH IS IN FACT WE ARE

16   PUTTING THE CART AHEAD OF THE HORSE.  AND THE HORSE HERE IS THE

17   PLEADING.

18         THE COURT:  YES.

19         MR. GUTKIN:  AND AT THE PLEADING STAGE THERE JUST

20   ISN'T ENOUGH FACTS HERE.

21         NOW GENENTECH MAY BE ABLE TO DEVELOP ENOUGH FACTS TO

22   ASSERT INEQUITABLE CONDUCT AGAINST DR. WANG AND PERHAPS DR.

23   DONALD, BUT THERE AREN'T ENOUGH FACTS HERE TO SATISFY

24   THERASENSE AND TO SATISFY EXERGEN.

25         THE COURT:  WELL, THERASENSE IS NOT A PLEADING CASE,

```
1     OF COURSE.  AND I THINK THAT THE CASES WOULD REALLY SAY WE ARE

2     LOOKING AT 9(B) PLEADING WHICH IS STILL A HIGH STANDARD.

3               MR. GUTKIN:  CORRECT.

4               THE COURT:  BUT I DON'T THINK, AND MR. JACOBS MAKES

5     THIS POINT, THAT I DIDN'T COME UP WITH THIS, ACCIDENT THIS WAS

6     HIS POINT THAT THERASENSE IS NOT A PLEADING CASE.

7               BUT I GUESS I'M -- THE ALLEGATION IS THAT THERE WAS

8     EGREGIOUS MISCONDUCT ON THE BASIS THAT THE AFFIDAVIT WAS UN

9     MISTAKABLY FALSE.

10              SO THAT THEN GIVES GENENTECH SOME LATITUDE IN ITS

11    PLEADING TO NOT NEED TO PLEAD FACTS TO SUPPORT MATERIALITY.

12              BUT I DON'T BELIEVE THAT RELIEVES THEM OF THE NECESSITY

13    OF PLEADING INTENT TO DECEIVE.

14              MR. GUTKIN:  IT IS A TWO-PART TEST, YOUR HONOR.

15              AND WE JUST DON'T THINK THERE'S ENOUGH THERE AT THIS

16    POINT AGAINST PARTICULARLY DR. WANG TO ASSERT INEQUITABLE

17    CONDUCT CLAIM.

18              THE COURT:  YEAH.

19              MR. GUTKIN:  AND AGAIN, WE'VE REACHED BEYOND THE

20    PLEADINGS AND WE ARE INTO THE LICENSE AGREEMENT, WE ARE INTO

21    THE AMENDMENT WE ARE INTO THE RELATIONSHIPS BETWEEN THE

22    PARTIES.  AND THAT IN A SENSE SUPPORTS WHY WE BELIEVE A MORE

23    APPROPRIATE COURSE OF ACTION WOULD BE TO GRANT THE MOTION TO

24    DISMISS SUBJECT LEAVE TO AMEND IF FACTS DEVELOP SO AS TO ASSERT

25    IT RATHER THAN TRYING TO SORT THROUGH THOSE FACTS NOW.
```

```
 1              THE COURT:  WELL, YEAH.  I AM TROUBLED BY HOW MUCH

 2    GOT BROUGHT INTO THIS MOTION.  AND PERHAPS MORE THAN SHOULD

 3    HAVE BEEN.

 4         THESE ARE VERY SERIOUS CHARGES.  I CERTAINLY UNDERSTAND

 5    WHY PHIGENIX WANTS TO GET RID OF THIS AS SOON AS POSSIBLE.

 6    THIS IS A BURDEN TO HAVE THESE CHARGES PENDING.  I UNDERSTAND

 7    THAT.

 8         BUT THE AFFIDAVIT IS CONCERNING AND I DON'T ACTUALLY FIND

 9    PERSUASIVE YOUR ARGUMENT THAT THE, I WILL SAY THE DISCLAIMER,

10    THE REQUIRED LANGUAGE THAT THE THAT THE NEW PATENT IS ONLY

11    ENFORCEABLE SO LONG AS THE OLDER PATENTS ARE COMMONLY OWNED.

12              MR. GUTKIN:  COULD I ADDRESS THAT, YOUR HONOR.

13              THE COURT:  YES, YOU SHOULD, BECAUSE I DIDN'T FIND

14    THE ARGUMENT PERSUASIVE IN THE PAPERS.

15              MR. GUTKIN:  YOUR HONOR, UNDER 37 CFR, I THINK IT'S

16    1.321, MAYBE IT'S 3(C), AND IT'S ACTUALLY 37 CFR 1.321 WHICH IS

17    REFERENCED ON THE TERMINAL DISCLAIMER.

18              THE COURT:  I LOOKED AT THAT THIS MORNING, I HAVE IT

19    HERE, WHAT'S THE SPECIFIC SUBSECTION?  YOU JUST MENTIONED IT.

20              MR. GUTKIN:  IF I COULD GET MY BOOK, I BELIEVE IT'S

21    (C)(3) IS THE ONE THAT TALKS ABOUT THE DISCLAIMER LANGUAGE.

22         BUT WHAT'S CLEAR IN THAT SECTION IS THERE'S NO

23    REQUIREMENT OF COMMON OWNER SHIP OF THE PATENTS IT'S JUST NOT

24    IN THE THAT SECTION AND THAT SECTION IS WHAT GOVERNS THE

25    TERMINAL DISCLAIMER.
```

```
1            IF YOU LOOK ON THE TERMINAL DISCLAIMER AT ISSUE RIGHT AT

2     THE BOTTOM IT TALKS ABOUT WHAT INFORMATION IS REQUIRED BY 37

3     CFR 1.321.  AND YOU WILL NOT SEE IN 37 CFR 1.321 A REQUIREMENT

4     THAT BOTH THE APPLICATION THAT'S PENDING AND THE PATENT THAT'S

5     BEING CITED BE COMMONLY OWNED.

6            SO IT'S NOT IN THE CFR'S IT'S NOT ON THE PATENT USPTO

7     FORM WHICH IS ATTACHED AS AN EXHIBIT TO THE ANSWER.  IT

8     CERTAINLY WASN'T REQUIRED WHEN THIS FORM WAS SUBMITTED THROUGH

9     THE PATENT OFFICE AND REVIEWED BY THE PARALEGAL WHO SAID THE

10    TERMINAL DISCLAIMER WAS ADEQUATE.

11            THE COURT:  BECAUSE IT SAYS, BECAUSE THE TERMINAL

12    DISCLAIMER SAYS THAT IT'S OWNED.

13            MR. GUTKIN:  THE TERMINAL DISCLAIMER SAYS THAT THE

14    PENDING APPLICATION IS A HUNDRED PERCENT OWNED NOT THAT THERE'S

15    COMMON OWNERSHIP BETWEEN BOTH THE PENDING APPLICATION AND THE

16    PATENT THAT'S CITED.

17            THERE'S, OBVIOUSLY YOUR HONOR WE BELIEVE THERE'S A BIG

18    DIFFERENCE BETWEEN THE TWO AND YOU WON'T FIND THE OTHER

19    LANGUAGE WHICH IS THE COMMON OWNERSHIP LANGUAGE IN 37 CFR 1.321

20    OR ON THE PATENT FORM OR A REQUIREMENT AT THE PATENT OFFICE AND

21    MORE OVER IN THE 2014-CASE IN RAY DENSE MORE THE COURT

22    SPECIFICALLY SAID THAT YOU CAN GET AROUND THAT BY SATISFYING

23    YOUR DUTY UNDER (C)(3).

24            THE COURT:  SO LET ME ASK YOU THE QUESTION THEN,

25    GETTING AWAY FROM THE AMBIGUITY OF OWNERSHIP IN THIS CASE, IF
```

1    WHERE YOU HAVE A REJECTION FOR DUPE INDICATE PATENT, DOUBLE

2    PATENTING AS YOU DID HERE, AND THE PTO IDENTIFIES PRIOR PATENTS

3    THAT YOU'VE NEVER HEARD OF BEFORE, NEVER HEARD OF BEFORE, SO

4    YOU DON'T OWN THEM, YOU DON'T MAKE ANY CLAIM TO OWN THEM BUT

5    YOU OWN THE CURRENT APPLICATION THAT JUST GOT REJECTED, YOU CAN

6    FILL OUT A TERMINAL DISCLOSURE DISCLAIMER, RATHER AS TO THOSE

7    PRIOR PATENT THAT IS YOU HAVE NO OWNERSHIP OF?

8         MR. GUTKIN:  YOUR HONOR, THERE'S SPECIFIC

9    REQUIREMENTS I BELIEVE UNDER A NONSTATUTORY DOUBLE PATENTING

10   REJECTION AS TO COMMON INVENTORSHIP.  BUT THERE'S NO

11   REQUIREMENT OF COMMON OWNERSHIP.

12        AGAIN, THE WHOLE THRUST FROM THE TERMINAL DISCLAIMER IS

13   TO PREVENT A MULTIPLICITY OF LAWSUITS.

14        THE COURT:  UNDERSTOOD.

15        MR. GUTKIN:  AND WHEN YOU MAKE THAT AFFIRMATION THAT

16   IT CAN ONLY BE ENFORCED WHEN IT'S COMMONLY OWNED YOU DO AWAY

17   WITH THAT THREAT BECAUSE IT CAN ONLY BE ENFORCED IF THEY ARE

18   BOTH OWNED BY THE SAME PARTY, WHICH IS EXACTLY WHAT THE CFR

19   SAYS, IT'S EXACTLY WHAT DENSE MORE SAYS AND IT'S ALSO WHY THIS

20   TERMINAL DISCLAIMER WAS UPHELD AND THE REJECTION WAS OVER COME.

21   IF IN FACT THERE WAS A REQUIREMENT OF COMMON OWNERSHIP IT WOULD

22   NOT HAVE GONE THROUGH THE PATENT OFFICE IT WOULD BE A

23   REQUIREMENT ON THE FORM AND IT WOULD BE SET FORTH IN THE CFR.

24        THERE'S PENDING LEGISLATION NOW WHERE THE PATENT OFFICE

25   WOULD REQUIRE AN ATTESTATION OR SOMEBODY TO ATTEST TO WHAT AN

1    ATTRIBUTABLE OWNER IS, BUT THAT IN FACT SUPPORTS OUR ON

2    POSITION EVEN MORE BECAUSE THAT REQUIREMENT ISN'T THERE RIGHT

3    NOW.  IT'S A PENDING AMENDMENT OR APPENDING RULE CHANGER.

4           THE COURT:  SO YOU ARE SUGGESTING THE TERMINAL

5    DISCLAIMER IS SIMPLY AN ACKNOWLEDGEMENT THAT THIS NEW PATENT IF

6    APPROVED IS UN ENFORCEABLE IN THE FUTURE IF THE PATENTEE CANNOT

7    ESTABLISH COMMON OWNERSHIP WITH THE PRIOR ART.

8           MR. GUTKIN:  THAT'S ABSOLUTELY TRUE, IT'S NOT

9    ENFORCEABLE.

10          THE COURT:  AND THAT'S ALL THE TERMINAL DISCLAIMER

11   IS, IT'S NOT A REPRESENTATION OF ANYTHING FROM THE PAST, IT'S

12   MERELY THIS WRITTEN ACKNOWLEDGEMENT OF A LIMITATION ON THE

13   ENFORCEABILITY RIGHTS OF THE PATENTEE ON THE NEW PATENT.

14          MR. GUTKIN:  THERE'S ALSO --

15          THE COURT:  AND THE LIMITATION ON THE LENGTH OF TIME

16   THAT THE NEW PATENT WILL EXIST AS WELL.  BUT THAT'S --

17          MR. GUTKIN:  THAT'S THE PURPOSE OF THE TERMINAL

18   DISCLAIMER.  BUT OF COURSE THAT'S INFORMATION ON THE TERMINAL

19   DISCLAIMER THAT'S PRESENTED TO THE PATENT OFFICE.  BUT THAT

20   INFORMATION ONLY PERTAINS TO THE PENDING APPLICATION THAT'S

21   SUBJECT TO THE REJECTION.

22          THE COURT:  AND YOU WOULD SAY THIS IS NOT MATERIAL.

23          MR. GUTKIN:  IT'S CERTAINLY NOT MATERIAL TO

24   PATENTABILITY.

25          THE COURT:  OKAY.  AND THE IF I DON'T FIND EGREGIOUS

1    MISCONDUCT THEN MATERIALITY BECOMES ONE OF THE PRONGS THAT HAS

2    TO BE PLED.

3                MR. GUTKIN:  CORRECT.

4                THE COURT:  OKAY.  THANK YOU.

5                MR. GUTKIN:  THANK YOU, YOUR HONOR.

6                THE COURT:  WELL, MR. JACOBS YOU CAN, YOU KNOW WHAT

7    YOU NEED TO DO HERE.

8                MR. JACOBS:  YES, YOUR HONOR.

9          SO IT MIGHT BE HELP TO FEEL START AT THE BEGINNING.

10          THE PROVISION OF THE STATUTE THAT ALLOWS FOR THE FILING

11   OF A TERMINAL DISCLAIMER, SECTION 253 REFERS TO A PATENTEE AS

12   THE AUTHORIZED FILER OF THE A TERMINAL DISCLAIMER

13                THE COURT:  THE PATENTEE OF THE NEW PATENT.

14                MR. JACOBS:  THAT'S CORRECT, YOUR HONOR.

15          THEN IF YOU TRACE THE QUESTION OF WHO THE PATENTEE IS AND

16   JUDGE ROB SON IN HER DECISION THAT WE CITED MADE THIS EASY FOR

17   US THE PATENTEE IS THE OWNER.

18          SO THAT'S WHERE THE OWNER ASPECT OF THIS COMES FROM

19   STATUTORILY.  AND THE PATENT OFFICE HAS IMPLEMENTED THOSE

20   STATUTORY PROVISIONS IN THE SECTION THAT WAS CITED.  BUT

21   THERE'S AN IMPORTANT PART OF THE MPEP THAT WAS LEFT OUT WHICH

22   IS A PROVISION REQUIRING THE FILER TO SPECIFY THE PERCENTAGE

23   OWNERSHIP OF THE PATENT.

24          SO THAT'S THE REGULATORY AUTHORITY IN THE CFR FOR THE

25   FORUM TO ASK HOW MUCH DO YOU, THE FILER, OWN.

```
1            THE COURT:  AND THIS FORM DOESN'T SHOW ME THAT.

2            MR. JACOBS:  IT DOES IT SAYS A HUNDRED PERCENT.

3            THE COURT:  YES, IT DOES.  YES, OF COURSE, IT DOES.

4            MR. JACOBS:  AND IF YOU LOOK AT THE MANUAL PATENT

5    EXAMINING PROCEDURE THERE'S DISTRIBUTIONS FOR THE EXAMINERS

6    ABOUT HOW TO REQUEST A TERMINAL DISCLAIMER.  AND IN THOSE

7    DISTRIBUTION INSTRUCTIONS IT IS SAID THAT THE TERMINAL

8    DISCLAIMER MUST KNOW FILED BY A COMMON OWNER.

9            THE COURT:  THIS IS A HUNDRED PERCENT OWNERSHIP OF

10   THE '534 PATENT.

11           MR. JACOBS:  THAT'S CORRECT.

12           THE COURT:  AND THAT WAS ALSO SUBJECT TO THE

13   LICENSING AGREEMENT THAT I MAY OR MAY NOT BE CONSIDERING ON

14   THIS MOTION.

15           MR. JACOBS:  IT IS.  BUT THERE'S NO QUESTION ABOUT

16   THAT AT THIS STAGE, YOUR HONOR, WHETHER IT IS.

17         THERE IS SOME CONFUSION IN THE RECORD ABOUT OWNERSHIP.

18   WE WILL GRANT THAT.  IT DOESN'T AFFECT THIS MOTION BECAUSE THEY

19   ARE NOT CHALLENGING THE FALSITY OF THE DECLARATION.

20           THE COURT:  OKAY.  RIGHT.  I UNDERSTAND THAT.

21           MR. JACOBS:  SO THE, SO THEN THE EXAMINER ISSUES,

22   FINDS A NONSTATUTORY DOUBLE PATENTING.  AND THE EXAMINER SAYS

23   IF YOU CAN MAKE A SHOWING OF COMMON OWNERSHIP OF THE

24   APPLICATION AND THE ONE THAT IS THE BASIS, THE SORT OF THE

25   OBVIATING.
```

1          THE COURT:  SO WE ARE LOOKING AT EXHIBIT A HERE, THE

2     INSTRUCTIONS FROM THE EXAMINER.

3          MR. JACOBS:  EXACTLY.

4       NOW THE EXAMINER THERE WAS FOLLOWING MPEP GUIDANCE AND IT

5     SEEMS TO ME WHAT PHIGENIX IS REALLY ARGUE SUGGEST THAT THE

6     EXAMINER IN SOME WAY EXCEEDED HIS AUTHORITY OR PERHAPS EVEN

7     THAT THE PATENT OFFICE IS EXCEEDING ITS AUTHORITY IN ASKING THE

8     OWNERSHIP QUESTIONS.

9          THEY SEEM TO BE SAYING PHIGENIX SEEMS TO BE SAYING THAT

10    ACTUALLY WHEN YOU TRACE ALL THIS THROUGH AND LOOK AT THE

11    PURPOSE OF THE TERMINAL DISCLAIMER, OWNERSHIP AT THE FILING

12    MOMENT SHOULD BE IRRELEVANT.  THAT IS THE GIFT OF THEIR

13    ARGUMENT.

14         THERE IS A WAY TO MAKE THAT ARGUMENT IF YOU ARE FACED

15    WITH A FILING YOU BELIEVE YOU SHOULD NOT HAVE TO MAKE.

16    PHIGENIX COULD HAVE QUARRELLED WITH THE REQUIREMENT AT THAT

17    TIME, IT COULD HAVE SOUGHT JUDICIAL REVIEW OF THE VALIDITY THAT

18    MPEP AND THE PATENT OFFICE'S PROCEDURE.

19         IT COULD HAVE SAID, AND IT DID BY THE WAY, IT'S

20    INTERESTING IF YOU LOOK AT WHAT PHIGENIX ACTUALLY FILED THEY

21    MADE A LONG RECORD ON THE FACT THAT WE ARE FILING THIS TERMINAL

22    DISCLAIMER, THAT DOESN'T MEAN WE AGREE THAT THERE IS DOUBLE

23    PATENTING.

24         THEY COULD HAVE SAID WE ARE FILING THIS TERMINAL

25    DISCLAIMER WE ARE NOT MAKING A SHOWING OF COMMON OWNERSHIP.

1     THEN IT WOULD HAVE BEEN IN FRONT OF THE EXAMINER --

2          THE COURT:  I'M SORRY.  I'M A LITTLE BIT BEHIND YOU

3     ON THIS BUT I WANT TO CATCH UP.

4      IS EXHIBIT A THE EXAMINER IS DIRECTING PHIGENIX TO

5     ACKNOWLEDGE COMMON OWNERSHIP?

6          MR. JACOBS:  YOU KNOW --

7          THE COURT:  I'M NOT SEEING IT.

8          MR. JACOBS:  SO LET ME PULL UP -- IT'S AN INTERESTING

9     WORDING FORMULATION.

10     WE ARE NOT ACTUALLY CLAIMING THAT THE FORM WAS DEFICIENT

11    IN THE SENSE THAT THEY DIDN'T MAKE A SHOWING.  I THINK THE WAY

12    THE MPEP SEEMS TO BE ADDRESSING THE SITUATION IS IF YOU ARE AN

13    ACTUAL ASSIGNEE AS OPPOSED TO AN ATTORNEY OF RECORD, YOU

14    ACTUALLY HAVE TO DO A CHAIN OF TITLE SHOWING, IF YOU ARE AN

15    ATTORNEY OF RECORD, I READ THE MPEP AS SAYING WE WILL TRUST

16    YOUR REPRESENTATION.

17     YOU SAY THAT YOU'RE, THAT YOU ARE THE OWNER ON THE FORM

18    AND WE TRUST THAT YOU HAVE DILIGENCED THIS TO YOURSELF AND YOU

19    HAVE SATISFIED YOURSELF THAT YOU ARE A COMMON OWNER AND

20    THEREFORE THAT YOU ARE ELIGIBLE TO FILE THIS TERMINAL

21    DISCLAIMER.

22         THE COURT:  SO YOU ARE MAKING A DIFFERENT STATEMENT.

23    YOU ARE SAYING THAT THE FORM SAYS THAT PHIGENIX IS THE HUNDRED

24    PERCENT OWNER OF THE '534.

25         MR. JACOBS:  CORRECT.

1      THE COURT:  IT SAYS NOTHING ABOUT THE '294 OR THE

2  '191.  IT MAKES NO REPRESENTATION.

3      MR. JACOBS:  WE WERE CAREFUL IN OUR BRIEFING TO SAY

4  THAT WAS AN IMPLIED REPRESENTATION IN LIGHT OF WHAT THE

5  EXAMINER HAD SAID.

6      THE COURT:  AND THAT'S WHAT I WANTED TO SEE WHAT THE

7  EXAMINER SAID.

8      MR. JACOBS:  OKAY.  SO WHAT THE EXAMINER SAYS IS --

9      THE COURT:  IF YOU COULD DIRECT ME TO THE PAGE.

10      MR. JACOBS:  SURE.

11      THE COURT:  I'VE GOT THE HARD COPY, THAT'S EASIER.

12      MR. JACOBS:  SO I'M LOOKING AT 6 OF 11 -- IT'S PAGE 4

13  OF THE ACTUAL, ON THE EXAMINER'S PAGINATION.  AND IT'S IT IS

14  FIRST FULL PARAGRAPH OF THAT PAGE.

15      THE COURT:  ANY TIME A TIMELY FILED TERMINAL.

16      MR. JACOBS:  EXACTLY.

17      IN COMPLIANCE WITH THE CFR SECTIONS THAT WE HAVE BEEN

18  TALKING ABOUT.  MAY BE USED TO OVERCOME AN ACTUAL OR

19  PROVISIONAL REJECTION BASED ON A NONSTATUTORY DOUBLE PATENTING

20  GROUND, PROVIDED THE CONFLICTING APPLICATION OR PATENT EITHER

21  IS SHOWN TO BE COMMONLY OWNED WITH THIS APPLICATION OR CLAIMS

22  AN INVENTION MADE AS A RESULT OF A JOINT RESEARCH AGREEMENT.

23      SO IT'S INTERESTING BECAUSE THERE IS NO ACTUALLY SHOWING

24  REQUIRED ON THE FORM.

25      THE COURT:  NO.

1        MR. JACOBS:  BUT THE EXAMINER IS, THEREFORE, I THINK

2   THE WAY TO READ THIS IS, YOU CAN'T FILE THIS UNLESS THERE'S

3   COMMON OWNERSHIP.

4        NOW TO BE CLEAR, I DON'T THINK OUR --

5        THE COURT:  BUT WHEN YOU SUGGEST THAT THIS IS

6   EGREGIOUS MISCONDUCT, I CAN'T MACE AN ALLEGATION OF EGREGIOUS

7   MISCONDUCT ON THE DISCONNECT BETWEEN THIS STATEMENT BY THE

8   EXAMINER AND THE FILLING OUT OF A GOVERNMENT FORM THAT DOESN'T

9   REQUIRE AN EXPRESS STATEMENT OF COMMON OWNERSHIP SIGNED UNDER

10  THE PENALTY OF PERJURY.  THAT'S NOT EGREGIOUS MISCONDUCT,

11  THAT'S NOT UNMISTAKABLY FALSE, THAT I CAN'T BUY.  UNMISTAKABLY

12  FALSE.

13        MR. JACOBS:  I HEAR YOU ON THE IMPLIED

14  MISREPRESENTATION ARGUMENT.  THE EXPRESS MISREPRESENTATION

15  ARGUMENT IS STILL, IT IS INDEPENDENT OF THIS QUESTION OF COMMON

16  OWNERSHIP.

17        THE EXPRESS MISREPRESENTATION IS THE OBLIGATION TO FILL

18  OUT THE FORM CORRECTLY, AND YOU NOTED THIS IN QUESTIONING

19  COUNSEL FOR PHIGENIX, FIRST OF ALL, THEY SAID PHIGENIX IS THE

20  OWNER, PHIGENIX WAS NOT THE OWNER AND THEN NOT ONLY THAT THEY

21  SAID PHIGENIX WAS THE HUNDRED PERCENT OWNER.

22        SO WE ARE ASKING YOU TWICE ON THE FORM TO MAKE A

23  REPRESENTATION ABOUT PRESENT OWNERSHIP OF THE APPLICATION

24        THE COURT:  SO THAT, THAT WOULD BE THE ONLY

25  UNMISTAKABLE FALSE STATEMENT.  I MEAN, IF I FIND THAT THAT'S

1    WHAT IT IS.  THAT WOULD GET YOU OVER THE MATERIALITY HUMP.  BUT

2    WHAT ABOUT INTENT TO DECEIVE?

3            MR. JACOBS:  SO HERE I THINK WE FOLLOW KIND OF THE

4    ROAD MAP CASE THAT IS WE CITED.  AND THE SLIP OPINION IN THE

5    REENFORCED EARTH COMPANY CASE REALLY IS OUR CASE.

6        AND THE DIFFERENCES BETWEEN THE ULTIMATE SHOWING WE

7    MUST -- WE MAY WELL HAVE TO MAKE WHICH IS A SHOWING THAT INTENT

8    TO DECEIVE IS THE MOST PLAUSIBILITY EXPLANATION VERSUS THE

9    SHOWING AT THE MOTION TO DISMISS STAGE WHICH IS THAT THERE'S A

10   PLAUSIBLE INFERENCE OF INTENT TO DECEIVE.

11           THE COURT:  BUT I DON'T SEE ENOUGH ALLEGATIONS TO

12   SUPPORT INTENT TO DECEIVE.

13       I'M JUST LOOKING AT THE ALLEGATIONS TO SUPPORT IT.  I

14   ACTUALLY THINK THAT I SHOULD NOT CONSIDER THE LICENSING

15   AGREEMENT AT THIS STAGE.  I DON'T THINK IT'S INCORPORATED OR

16   REFERENCED OR RELIED UPON AS A BASIS FOR THESE PLEADINGS.

17   NEITHER OF YOU SEEM TO HAVE A PROBLEM WITH THAT WHEN YOU

18   BRIEFED IT.

19       BUT WHY WOULD I CONSIDER THAT LICENSING AGREEMENT NOW?

20           MR. JACOBS:  WE ANTICIPATED, THEY HAVEN'T SUPPORTED

21   ITS ADMISSIBILITY AT THIS STAGE IN RESPONSE TO YOUR QUESTION,

22   THE COMPLAINT DOES AVER THAT THIS PATENT IS EXCLUSIVELY

23   RESIDENCE LICENSED.  AND THEREFORE THEY COULD MAKE AN ARGUMENT

24   OF WELL, THAT'S THE EXCLUSIVE LICENSE THAT'S INCORPORATED.

25       BUT I DON'T THINK EVEN THAT MATTERS VERY MUCH YOUR HONOR.

1    WE HAVE SHOWN, WHAT I THINK THE CASES ARE SAYING AT THIS STAGE

2    ABOUT INTENT TO DECEIVE IS NOT THAT WE MUST GET INSIDE ATTORNEY

3    WANG'S HEAD AND ANALYZE AT THIS STAGE WHAT SHE WAS THINKING

4    WHEN SHE DID THIS.

5              THE COURT:  SO 9(B) DOESN'T REQUIRE SPECIFIC

6    ALLEGATIONS, A FACTUAL ALLEGATION ON INTENT.  THERE CAN BE

7    GENERAL, OBVIOUSLY IT HAS TO BE.

8              MR. JACOBS:  SO WHAT WE DO THOUGH, AND I THINK THERE

9    IS A FILTRATION THAT THE CASES ARE ASKING THE COURT TO DO.

10   IT'S NOT GATE KEEPER THAT'S A LEGAL STANDARD A DIFFERENT LINE

11   OF CASES.

12       BUT THERE IS A FILTRATION THAT THERASENSE IS ASKING THE

13   COURSE TO DO AS WELL AS EXERGEN.

14       THAT FILTRATION STEP WE MET HERE BY SHOWING ALL THE

15   INDICATIONS THAT ATTORNEY WANG KNEW THE PROPER OWNERSHIP AND --

16             THE COURT:  SO WHY DON'T YOU ALLEGE THAT AS OPPOSED

17   TO ARGUING THAT IN YOUR BRIEF.

18       THIS IS ALWAYS THE PROBLEM I GET WITH HAVING TO COMPARE

19   YOUR WELL THOUGHT OUT OPPOSITION TO THE PLEADING ITSELF.  BUT

20   YOU GAVE ME A LOT OF INFORMATION ON THESE, YOU TRACED

21   EVERYTHING THAT SHE HAD SIGNED OR THAT DR. DONALD HAD SIGNED

22   THAT I THINK WOULD HAVE PUT HER ON NOTICE.  BUT I DON'T KNOW

23   THAT IT'S IN THE SIXTH AFFIRMATIVE DEFENSE.  I JUST DON'T SEE

24   IT.

25             MR. JACOBS:  I'M JUST REVIEWING OUR PLEADING,

1    YOUR HONOR.

2         YOUR HONOR, WE DID NOT ALLEGE WITH THAT LEVEL OF

3    SPECIFICITY HER KNOWLEDGE.  I THINK WE ALLEGED KNOWLEDGE AND

4    WE'VE NOW SHOWED YOU FROM WHAT YOU CAN LOOK AT THIS STAGE WHICH

5    IS THE FILE HISTORY.  THE FILE HISTORY YOU CAN LOOK AT ON A

6    MOTION TO DISMISS.

7         WE HAVE SUPPLIED ADDITIONAL FACTS TO COPY PREVIOUS

8    COUNSEL, WE WOULD BE HAPPY TO SUPPLEMENT OUR PLEADING WITH MORE

9    SPECIFICITY ON THE BASIS OF THE KNOWLEDGE ELEMENT OF THE INTENT

10   PRONG OF INEQUITABLE CONDUCT.

11         THE COURT:  SO UNLESS I'M SATISFIED THAT YOU'VE

12   PROPERLY ALLEGED EGREGIOUS MISCONDUCT, THEN, AND IF I FIND YOU

13   HAVEN'T THEN YOU HAVE TO ALLEGE FACTS TO SUPPORT MATERIALITY.

14         SO YOU NEED ONE OR THE OTHER.  YOU DON'T HAVE MATERIALITY

15   HERE BECAUSE YOU WERE USING THE OTHER GROUNDS TO JUMP OVER IT.

16         I DON'T THINK THAT -- I AGREE THAT THE PLEADING

17   REQUIREMENT FOR INTENT TO DECEIVE IS A, IT'S A MUCH LESSER

18   STANDARD AT THE PLEADING STAGE BUT ULTIMATELY SECTION 6.01 IS

19   PROBABLY GOING TO BE AN EXTRAORDINARY HURDLE AT SUMMARY

20   JUDGEMENT OR TRIAL.

21         IT'S -- THAT'S, I HAVE CONCERN, I'M NOT GOING TO CONSIDER

22   IT NOW.  IT'S NOT GOING TO GO AWAY.  IT'S THERE.  I DON'T KNOW

23   HOW YOU WILL DEVELOP THOSE FACTS.  I'M NOT GOING TO CONCERN

24   MYSELF WITH THAT AT THIS STAGE.

25         I AM, I DO THINK IN ORDER TO MAKE OUT THAT THIS WAS

1    UNMISTAKABLY FALSE THAT YOU HAVE TO ALLEGE THE FACTS THAT YOU

2    ALLEGE IN YOUR OPPOSITION THAT SHOW THAT DR. WANG WAS NOT JUST

3    UN INFORMED OR WASN'T JUST NEGLIGENT IN RELYING ON THE RECORDED

4    INTEREST VERSUS THE EXECUTED ASSIGNMENT.

5              AND YOU KNOW, WE NEED TO TAKE THIS CASE OUT OF NEGLIGENCE

6              MR. JACOBS:  UNDERSTOOD, YOUR HONOR.

7              THE COURT:  THAT'S CLEAR.

8              MR. JACOBS:  YES.

9              THE COURT:  AND SO I, YOU KNOW, IT DOES APPEAR FROM A

10   PLEADING STAGE THAT YOU HAVE ADEQUATELY IDENTIFIED A FALSE

11   STATEMENT IN THE TERMINAL DISCLAIMER, WHETHER IT'S UNMISTAKABLY

12   FALSE IS SOMETHING THAT I DO NOT THINK YOU'VE BEEN ABLE TO

13   PLEAD IN THE PAPERS BUT YOU HAVE, I THINK YOU'VE GIVEN ME

14   ENOUGH IN YOUR OPPOSITION TO TELL ME THAT YOU COULD MAKE THIS

15   AMENDMENT AND PERHAPS SUCCESSFULLY; THUS I DON'T NEED TO

16   CONSIDER MATERIALITY PLEADINGS UNDER 9(B) AND YOU HAVE GENERAL

17   ALLEGATIONS OF INTENT TO DECEIVE WHICH ARE ONLY IN EIGHT(A)

18   PLEADING REQUIREMENT.

19             BUT I THINK THAT THAT'S REALLY WHERE WE NEED TO GO HERE

20   IF YOU WANT TO GO FORWARD ON THE EGREGIOUS MISCONDUCT PRONG.

21             MR. JACOBS:  JUST TO NOTE IN OUR INEQUITABLE CONDUCT

22   DEFENSE WE DID PLEAD.

23             THE COURT:  INDICATING THE -- YES I'VE GOT THAT RIGHT

24   HERE.

25             MR. JACOBS:  AT THE TOP OF ECF PAGE 9 OF 10.  YES,

1    PAGE 9, THE LOWER RIGHT-HAND CORNER ALSO.

2         THE EXAMINER ONLY ALLOWED THE CLAIMS AFTER RECEIVING THE

3    PURPORTED DISCLAIMER WHICH REPLIED ON THE FALSE STATEMENT THUS

4    THE FALSE STATEMENT WAS MATERIAL TO THE '534 PATENT.

5         TOW MATERIALITY UNDER THERASENSE IS YOU HAVE TO SHOW THAT

6    IT WAS A BUT FOR CAUSE OF SOMETHING OPINION HAPPENING AND HERE

7    IT WAS IN FACT A THRESHOLD THEY HAD TO CROSS IN ORDER TO

8    OBTAIN --

9         THE COURT:  SO I THOUGHT THAT WAS INTERESTING.  WHEN

10   I LOOKED AT THE CASES ON THE BUT FOR TEST THEY PRESUME KIND OF

11   SMOOTH SAILING THROUGH THE PROCESS WHERE YOU DON'T GET A

12   REJECTION.  SO THIS CIRCUMSTANCE OF THIS ISSUE OF MATERIALITY

13   DOESN'T ARISE IN THOSE CASES.  BUT WHEN THERE'S A REJECTION YOU

14   HAVE TO MAKE THESE ADDITIONAL ASSERTIONS, THE TERMINAL

15   DISCLAIMER.  THE CASE LAW JUST DOESN'T TALK ABOUT DIFFERENT

16   ELEMENTS OF MATERIALITY THAT POP UP ALONG THE WAY.

17        MR. JACOBS:  THE HISTORY WAS THAT IT USED TO BE THAT

18   IF YOU COULD SHOW THAT AN EXAMINER WOULD HAVE CONSIDERED IT

19   IMPORTANT, THAT WAS A BASIS FOR INEQUITABLE CONDUCT.  THE

20   STANDARD WAS RAISED THEN TO BUT FOR MATERIALITY, AND IN A CASE

21   WHERE YOU OVER COME A REJECTION BY FILING A DECLARATION, THEN

22   THE BUT FOR STANDARD IS, IT REALLY, IT'S JUST A GATE THAT'S

23   WIDE OPEN.

24        THE COURT:  SO YOU ARE SAYING THAT YOU DON'T EVEN

25   NEED TO PURSUE EGREGIOUS MISCONDUCT YOU'VE GOT MATERIALITY

1    HERE.

2            MR. JACOBS:  I THINK THAT'S RIGHT.  I THINK THOUGH

3    THE EGREGIOUS MISCONDUCT OR THE FILING OF A DECLARATION, TAKE

4    IT OUT OF THE RHETORIC, THE FILING OF A DECLARATION WITH

5    KNOWLEDGE THAT IT WAS FALSE ALSO INFORMS THE INTENT PRONG.

6            BECAUSE YOU'RE NOT JUST, YOU'RE NOT JUST QUICKLY GOING

7    THROUGH THE FILE AND FORGETTING TO DISCLOSE SOME PRIOR ART

8    REFERENCE, YOU ARE ACTUALLY DOING SOMETHING VERY AFFIRMATIVE.

9            YOU ARE SIGNING UNDER PENALTY OF PERJURY.  AND THAT'S A

10   VERY SERIOUS THING.  WE ALL KNOW THAT SIGNING UNDER PENALTY OF

11   PERJURY IS DESIGNED TO ASK US STOP AND THINK AND MAKE SURE WHAT

12   WE ARE FILING IS CORRECT.

13           SO THERE IS A SPILL OVER EFFECT IF YOU WILL OF THE

14   EGREGIOUS MISCONDUCT CHARACTERIZATION.

15           THE COURT:  YEAH.

16   YOU KNOW THE FACTS OF THIS CASE, WELL, I'M NOT SATISFIED

17   THAT YOU'VE ALLEGED ENOUGH FOR EGREGIOUS MISCONDUCT.  I REALLY

18   NEED FACTS THAT SHOW A DELIBERATELY PLANNED AND CAREFULLY

19   EXECUTED SCHEME TO DEFRAUD THE PTO.

20           AND I'M UNDER THE, I MEAN I'M NOT SURE THAT YOU MAKE IT

21   ON THAT, WELL, IT'S A HIGH STANDARD UNDER THERASENSE

22   ULTIMATELY, GIVEN THE AMBIGUITY OF THE OWNERSHIP OR THE RIGHTS

23   TO PROSECUTE AND THAT THE PARTIES HAVE.

24           THE OTHER INTERESTING, I MEAN ON THE PLEADING OF

25   MATERIALITY, IF THE PTO DIDN'T HAVE STATUTORY AUTHORITY TO

```
1    REQUIRE A CONFIRMATION OF COMMON OWNERSHIP OR HERE THE
2    CONFIRMATION OF A HUNDRED PERCENT OWNERSHIP OF THE CURRENT
3    APPLICATION, THAT'S REALLY YOUR ISSUE HERE ISN'T IT, NOT THE
4    COMMON OWNERSHIP.
5              MR. JACOBS:  YES.
6         WELL, WE ARE NOW DIVIDING THE IMPLIED MISREPRESENTATION
7    ARGUMENT WE ARE ADVANCING FROM THE ACTUAL MISREPRESENTATION.
8         AGAIN, THE STATUTE SAYS THE PATENT SEE SHALL, MAY FILE A
9    TERMINAL DISCLAIMER.  SO I DON'T THINK, I THINK THEY WOULD BE
10   HARD PRESSED PHIGENIX WOULD BE HARD PRESSED TO SAY THE PATENT
11   OFFICE IS EXCEEDING ITS AUTHORITY ON THAT GROUND.
12        I ACTUALLY DON'T KNOW AN INEQUITABLE CONDUCT CASE WHERE
13   THE PATENTEE HAS ARGUED YES WE TOLD AN UNTRUTH.  WE KNEW WHAT
14   WE WERE DOING WHEN WE TOLD THE TRUTH, BUT THE PATENT OFFICE IS
15   EXCEEDING ITS AUTHORITY.  THAT WOULD BE A PRETTY EXTRAORDINARY
16   WAY TO RUN AN ADMINISTRATIVE BODY.
17             THE COURT:  WELL, YOU KNOW, I THINK THIS CASE RISES
18   AND FALLS ON INTENT TO DECEIVE.  I THINK THAT'S WHERE THE HEART
19   OF THIS AFFIRMATIVE DEFENSE IS.
20        YOU'VE CERTAINLY IDENTIFIED A STATEMENT THAT YOU'VE
21   SUFFICIENTLY ALLEGED ENOUGH FACTS TO SUPPORT THE PLEADING ON
22   THE FALSE STATEMENT IN THE AFFIDAVIT.
23        SO THE ONLY QUESTION IS DO WE MOVE ON FROM HERE AND GET
24   TO SUMMARY JUDGEMENT WHERE THIS CASE BELONGS, OR HAVE YOU GO
25   THROUGH THE EXERCISE OF FURTHER PLEADING.
```

1          MR. JACOBS:  HOWEVER YOU WISH TO PROCEED, YOUR HONOR.

2     WE ARE IN YOUR HANDS.

3          THE COURT:  I APPRECIATE THAT.  SO LET ME HEAR ONE

4     MORE TIME.

5          MR. GUTKIN:  I HAVE SOME VIEWS ON THAT, YOUR HONOR.

6          THE COURT:  YEAH, I BET YOU DO.

7          MR. GUTKIN:  YOUR HONOR, BRIEFLY, WHAT I HEARD WAS

8     ALMOST THE SLIDING SCALE ARGUMENT.

9          THE COURT:  OH, NO, I'M NOT GOING TO GO THERE.

10         MR. GUTKIN:  AND THE COURTS HAVE GOTTEN AWAY FROM

11    THAT.

12         THE COURT:  I UNDERSTAND.

13         MR. GUTKIN:  AND THEY ARE SEPARATE AND INDEPENDENT.

14     BUT WHAT I'M ALSO HEARING IS A LOT OF IMPUTING PERHAPS

15    KNOWLEDGE FROM DR.  DONALD, DR. WANG.  AND I'M NOT HEARING

16    ANYTHING ABOUT DR. WANG PURPOSEFULLY PARTICIPATING IN A SCHEME

17    TO DEFRAUD THE PATENT OFFICE, AS YOUR HONOR HAS SAID.

18     AGAIN, LEAVING ASIDE THE FACTUAL ISSUE WHICH IS WHETHER

19    OR NOT THERE IS FALSITY IN THE DECLARATION, WHICH IS SOMETHING

20    WE INTEND TO ARGUE BUT IT'S JUST NOT APPROPRIATE FOR THIS POINT

21    IN TIME, THERE JUST AGAIN ISN'T ENOUGH HERE AS YOUR HONOR HAS

22    SAID ON THE INTENT SIDE.  AND THEY ARE SEPARATE REQUIREMENTS.

23         THE COURT:  RIGHT.  BUT LET'S GO BACK TO THE

24    EGREGIOUS MISCONDUCT.  TO MAKE IT AS NEUTRAL, THERE IS AN

25    INACCURATE STATEMENT OF A HUNDRED PERCENT OWNERSHIP.  IT WAS

1    KNOWINGLY FALSE WITH DECEPTIVE PURPOSE TO DECEIVE THE PTO OR IT

2    WAS MERELY MISTAKEN.

3         SO I NEED FURTHER PLEADING TO SUPPORT THE UNMISTAKABLY

4    FALSE ASPECT.

5         SO TO THE EXTENT THAT GENENTECH WANTS TO GO FORWARD ON

6    EGREGIOUS MISCONDUCT, I NEED THAT PLEADING.  BECAUSE NOT EVERY

7    MISTAKE IN AN AFFIDAVIT CITIZEN UNMISTAKABLY FALSE.

8         BUT GIVEN THE OPPOSITION TO THE MOTION WITH THE OTHER

9    PREVIOUS DOCUMENTS DR. WANG HERSELF HAD SIGNED, THAT MAY BE

10   ABLE, YOU MAY BE ABLE TO CROSS THAT THRESHOLD, SO I WOULD

11   REQUIRE AMENDMENT, I WOULD GRANT THE MOTION ON THE EGREGIOUS

12   MISCONDUCT CLAIM.

13        BUT THEN WE GET TO THE ISSUE OF IS MATERIALITY ACTUALLY

14   SUFFICIENTLY PLED SO THAT THIS IS JUST AN EXTRA ARGUMENT OF

15   GENENTECH.  AND THEN I GET BACK TO THE BUT FOR TEST.

16        AND IN THE SPECIFIC FACTS OF THIS CASE, AT THE REJECTION

17   PHASE, WHICH DOESN'T HAPPEN IN ALL PATENT CASES ALTHOUGH I'M

18   SURE THERE ARE REJECTIONS OF ALL KINDS.  BUT IN THIS PARTICULAR

19   CASE, THIS CASE, THIS PATENT WOULD HAVE REMAINED REJECTED

20   WITHOUT A PROPERLY STATED AND FILED TERMINAL DISCLAIMER.

21        MR. GUTKIN:  THAT'S NOT CORRECT, YOUR HONOR.

22        THE COURT:  THAT'S NOT CORRECT.

23        MR. GUTKIN:  IN FACT, IN THE RESPONSE TO THE OFFICE

24   ACTION THE REASON THE TERMINAL DISCLAIMER WAS FILED WAS

25   SPECIFICALLY, I THINK AS YOUR HONOR HAS MENTIONED, TO EXPEDITE

1    THE PROSECUTION.

2         THERE ARE OTHER ARGUMENTS AROUND THE REJECTION BUT IT WAS

3    JUST A WAY TO EXPEDITE.  SO IT'S CLEARLY NOT BUT FOR IF YOU'VE

4    GOT THAT OTHER AVENUE BY WHICH TO OVER COME THE REJECTION.

5         SO I DON'T THINK YOU CAN MEET THE BUT FOR BASED SOLELY ON

6    THE FILING OF THE TERMINAL DISCLAIMER.  AND I THINK YOU CAN

7    LOOK AT THE LANGUAGE IN THE RESPONSE TO THE OFFICE ACTION.  I

8    THINK YOUR HONOR ACTUALLY REFERENCED THAT EARLIER.

9         THE COURT:  ALL RIGHT.  THANK YOU.

10        SO NOW THE NEXT STEP IS I COULD SPEND THE TIME TO PREPARE

11   A REASONED ORDER OR YOU KNOW ENOUGH OF WHAT I'M LOOKING FOR AND

12   YOU WOULD LIKE TO JUST GET TO WORK, AND I CAN ISSUE QUICKLY A

13   TWO PAGE ORDER THAT JUST REFERS BACK TO OUR DECISION.

14        MR. JACOBS?

15        MR. JACOBS:  THAT WOULD ABSOLUTELY BE FINE,

16   YOUR HONOR.  WE HEAR YOU.

17        THE COURT:  I DON'T THINK THAT THE WORLD IS BETTER

18   OFF BY DISTRICT JUDGES WRITING THESE LONG ORDERS IN CASES THAT

19   ARE GOING TO BE AMENDED AND THIS ONE NEVER SEES THE LIGHT OF

20   DAY.  SO I APPRECIATE THAT.  BUT IT MOVES YOU ALONG AS WELL.

21        SINCE I'M GOING TO DO THAT, THAT WILL BE THE COURT'S

22   RULING.  I WILL GRANT THE MOTION TO STRIKE WITH LEAVE TO AMEND

23   TO ALLEGE EGREGIOUS MISCONDUCT AND UNDER THE 9(B) PLEADING

24   REQUIREMENT FOR THE, FOR THAT ASPECT OF THE PLEADING.

25        BUT SINCE YOU DON'T HAVE THE EXTRA TIME OF WAITING FOR MY

```
1    ORDER, IS THERE, HOW MUCH TIME WOULD YOU LIKE FOR THAT

2    AMENDMENT?

3              MR. JACOBS:  HOW ABOUT A WEEK FROM MONDAY,

4    YOUR HONOR.

5              THE COURT:  OH, THAT'S QUICK.  GOOD.  ALL RIGHT.

6    THEN THAT WILL BE JULY 13TH.

7              MR. JACOBS:  YES, YOUR HONOR.

8              THE COURT:  ALL RIGHT.

9         AND YOU KNOW, YOU MAY BE BACK ON A FURTHER MOTION TO

10   STRIKE AND THAT'S JUST THE WAY IT GOES AND THAT'S WHAT I GET

11   PAID TO DO.

12             MR. JACOBS:  ONE CLARIFICATION OF THE ORAL ORDER,

13   YOUR HONOR.

14        YOU REFERRED TO EGREGIOUS MISCONDUCT, BUT I THINK WE

15   WOULD LIKE TO PENCIL OUT THE BASIS FOR KNOWLEDGE AND INTENT

16             THE COURT:  YOU MAY AMEND ON THAT AS WELL.

17             MR. JACOBS:  THANK YOU.

18             THE COURT:  I WILL GRANT YOU LEAVE TO AMEND THE SIXTH

19   AFFIRMATIVE DEFENSE.

20        I'M GRANTING THE MOTION MAYBE ON A MORE LIMITED BASIS,

21   BUT I'M NOT LIMITING YOUR ABILITY TO AMEND ANY ASPECT OF THE

22   SIXTH AFFIRMATIVE DEFENSE.  I'M NOT GIVING YOU LEAVE TO ADD

23   OTHER AFFIRMATIVE DEFENSES OR CHANGE OTHERS UNLESS THERE'S AN

24   AGREEMENT BETWEEN YOU.

25             MR. JACOBS:  THANK YOU, YOUR HONOR.
```

1          MR. GUTKIN:  THANK YOU, YOUR HONOR.

2          THE COURT:  GOOD.  THAT'S VERY HELPFUL.

3       THANK YOU SO MUCH.

4      (WHEREUPON, THE PROCEEDINGS IN THIS MATTER WERE CONCLUDED.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4                    **CERTIFICATE OF REPORTER**

5

6

7

8            I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13            THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22

23

24   _____

25   SUMMER A. FISHER, CSR, CRR
     CERTIFICATE NUMBER 13185          DATED: 7/3/15