UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

PHIGENIX, INC.,

    Plaintiff,

v.

GENENTECH INC,

    Defendant.

Case No. 15-cv-01238-BLF

**ORDER DENYING MOTIONS TO SEAL**

[Re: ECF 256, 272]

Before the Court are the parties' administrative motions to file certain documents under seal. ECF 256, 272. Defendant filed a motion to seal an exhibit in support of its Motion for Summary Judgment of Invalidity Based on Inadequate Written Description and Anticipation. ECF 256. Plaintiff moved to seal portions of its memorandum regarding test results and a related exhibit. ECF 272. For the reasons stated below, the motions are DENIED.

**I.  LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097.

In addition, sealing motions filed in this district must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). A party moving to seal a document in whole or in

part must file a declaration establishing that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.*

## II.  DISCUSSION

The Court has reviewed the parties' sealing motions and the declaration in support thereof, if any. For both these motions, Plaintiff is the party who designated these documents to be confidential but the Court finds that Plaintiff has not articulated compelling reasons to seal these exhibits or the designated portions. General conclusory assertions regarding confidentiality interests are insufficient. The Court's rulings on the sealing requests are set forth in the tables below:

### A.  ECF 256

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Exhibit 9 to the Declaration of Matthew A. Chivvis in support of Genentech's Motion for Summary Judgment of Invalidity Based on Inadequate Written Description and Anticipation | Plaintiff has not filed a declaration in support of sealing this exhibit. | DENIED. |

### B.  ECF 272

| Identification of Documents to be Sealed | Description of Documents | Court's Order |
|---|---|---|
| Phigenix, Inc.'s Memorandum Regarding Test Results, highlighted portions at lines 13-15 on page 2, lines 3, 8-22, 27 on page 3; and lines 1-3, 10-14 on page 4. | Plaintiff contends that the highlighted portions contain confidential test data obtained for litigation-related testing purposes only. However, this is not a compelling reason for sealing these portions of the document. For example, Plaintiff has not demonstrated why disclosing litigation-related testing results could harm Plaintiff's competitiveness in the marketplace. *Ctr. for Auto Safety*, 809 F.3d at 1097. | DENIED. |
| Exhibit A to Phigenix, Inc.'s Memorandum Regarding Test Results | Plaintiff also argues that the entirety of this exhibit should be sealed because this relates to confidential test data obtained for litigation-related testing purposes. This reason is insufficient. *See id.* | DENIED. |

### III. ORDER

For the foregoing reasons, the sealing motions at ECF 256, 272 are DENIED. Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.

**IT IS SO ORDERED.**

Dated: October 26, 2016

_____
BETH LABSON FREEMAN
United States District Judge