PAUL D. ACKERMAN (*pro hac vice*)
paulackerman@andrewskurth.com
ANDREWS KURTH KENYON LLP
450 Lexington Avenue
New York, NY 10017
Tel: 212-850-2858
Fax: 212-813-8148

JOHN MURRAY, Ph.D. (*pro hac vice*)
johnmurray@andrewskurth.com
ANDREWS KURTH KENYON LLP
1350 I Street, NW, Suite 1100
Washington, DC 20005
Tel: 202.662.2700
Fax: 202.662.2739

GREGORY L. PORTER (*pro hac vice*)
GregPorter@andrewskurth.com
ANDREWS KURTH KENYON LLP
Suite 4200
600 Travis
Houston, TX 77002
Tel: 713-220-4621
Fax: 713-238-7169

EDWARD VINCENT KING, JR.
(CA SBN 85726)
evking@kingandkelleher.com
KING & KELLEHER, LLP
500 Washington St.
Suite 475
San Francisco, CA 94111
Tel: 415-781-2888
Fax: 415-781-3011

Attorneys for Plaintiff PHIGENIX, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| PHIGENIX, INC.,<br><br>                    Plaintiff,<br><br>     v.<br><br>GENENTECH, INC.,<br><br>                    Defendant. | Case No. C 15-01238 BLF-NMC<br><br>**NOTICE OF MOTION AND MOTION TO ALLOW ANDREWS KURTH KENYON ATTORNEYS TO WITHDRAW AS PLAINTIFF'S COUNSEL**<br><br>Date:  August 3, 2017<br>Time:  9:00 a.m.<br>Courtroom: 3<br>Judge:   Honorable Beth Labson Freeman |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 3, 2017, at 9:00 a.m., or on such other date as the matter may be heard before the Honorable Beth Labson Freeman[1], Paul D. Ackerman, Gregory Porter, and John Murray, each of Andrews Kurth Kenyon LLP and admitted to this court *pro hac vice*, (collectively "AKK") move to allow AKK to withdraw as counsel for Phigenix, Inc. ("Phigenix").

## RELIEF REQUESTED

AKK seeks an order of this court allowing AKK to withdraw as Phigenix's counsel in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

AKK, currently lead counsel for the plaintiff, seeks leave to withdraw as counsel for Phigenix. Good cause exists for this relief since Phigenix has long been in breach of a written engagement agreement by which it was obligated to pay legal fees and costs on a timely basis as they were invoiced yet has failed to do so. Despite AKK providing numerous opportunities for Phigenix to cure, Phigenix has not made any payments to AKK for fees and costs this matter in over a year. Ackerman Decl. ¶¶ 4-7. The requested relief would allow AKK to stop providing legal

---

[1] Andrews Kurth Kenyon LLP, the movant, believes that the issues presented in this motion can be decided on the papers in advance of the August 3, 2017 return date and respectfully requests early consideration of this motion due to continuing harm to Andrews Kurth Kenyon during the pendency of the motion.

1  services and incurring out of pocket expenses associated with these services for which it is not being
2  paid.
3      Phigenix has been provided a draft of the motion but has not indicated whether or not it will
4  oppose this motion or whether it may require any relief from the current scheduling order to retain
5  
6  substitute counsel if the motion is granted.
7      Counsel for Genentech has indicated that it will oppose the motion to the extent the current
8  scheduling order may be impacted if the motion is granted.

## II. GOOD CAUSE EXISTS TO GRANT AKK'S MOTION TO WITHDRAW

Phigenix has been a client of AKK since 2010.  Ackerman Decl. ¶2.  In December 2014, Phigenix and AKK renegotiated the terms of the engagement for the present matter and entered a new written agreement by which Phigenix was obligated to pay a percentage of legal fees and all costs incurred by AKK within thirty days of being invoiced.  Ackerman Decl. ¶ 3.  Despite the terms of the written agreement obligating Phigenix to do so, Phigenix has failed to pay for AKK's services and out of pocket expenses for over a year.  Ackerman Decl. ¶ 5.  During this period, AKK has, *inter alia*, defended an early summary judgment motion brought by Genentech, completed fact discovery and completed expert discovery, all without being paid by Phigenix.  Phigenix's outstanding balance owed to AKK for services rendered to date is substantial.[2]  AKK has been patient to its significant detriment in its efforts to work with Phigenix to cure its ongoing breach, to no avail.  Ackerman Decl. ¶6.  Trial is currently set to begin in approximately six (6) months and substantial work - with

---

[2] AKK believes that the level of detail provided herein is appropriate to avoid disclosure of attorney-client privileged information and is sufficient to support the present motion.  To the extent the court requires additional details on the terms of the engagement letter, the specific amounts owed, or other details relevant to decide the present motion, AKK can provide the court with an additional submission for *in camera* review upon request.

1  correspondingly substantial fees and costs - still needs to be performed to bring this matter to

2  conclusion through trial.  D.I. No. 236, Scheduling Order dated August 9, 2016.   AKK should not

3  be required to continue providing free legal services and continue incurring out-of-pocket expenses

4  on Phigenix's behalf when it never agreed to do so and respectfully seeks leave to withdraw.

5

6        Withdrawal of counsel is governed by Local Civil Rule 11-5 and the California Rules of

7  Professional Conduct Rule 3-700.  *See Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir.

8  2008)(applying California Rules of Professional Conduct to motion for attorney withdrawal).

9  Specifically, CRPC 3-700(C)(1)(f) provides for permissive withdrawal if "the client breaches an

10 agreement or obligation to the member as to expenses or fees."  Permissive withdrawal is within the

11 sound discretion of the trial court and a number of courts have permitted withdrawal when a client

12 has failed to pay for legal services.  *See e.g., Bd. of Trs. of the Cement Masons Health & Welfare

13 Trust Fund for N. Cal. v. C & C. Concrete, Inc.*, 2012 U.S. Dist. LEXIS 73377, at *3 (N.D. Cal. May

14 15, 2012); *j2 Global Communs. Inc. v. Blue Jay, Inc.*, 2009 U.S. Dist. LEXIS 19027, *3 (N.D. Cal.

15 Feb. 24, 2009); *Pension Plan v. Yubacon Inc*. 2014 U.S. Dist. LEXIS 35643 (N.D. Cal. Mar. 18,

16 2014).  Phigenix's prolonged and extensive non-payment of fees and costs in this case certainly

17 provides good cause which warrants withdrawal by AKK.

18 **III.   AKK HAS TAKEN REASONABLE STEPS TO AVOID PREJUDICE TO PHIGENIX**

19

20       AKK has endured Phigenix's breach of the written fee agreement and represented Phigenix

21 without payment for quite some time while working to resolve Phigenix's breach.  At all times,

22 AKK has continued to diligently and vigorously represent Phigenix in this matter.  In a January 2017

23 letter, AKK advised Phigenix of steps that Phigenix would need to follow for AKK to continue its

24 representation of Phigenix in this matter.  Ackerman Decl. ¶7.  When many of those conditions still

25 were not satisfied, including providing any payment to AKK, AKK provided Phigenix with written

notice that it intended to file a motion to withdraw. Ackerman Decl. ¶ 7. In this written notice, AKK advised Phigenix of all upcoming deadlines, advised it to seek to engage new counsel, and advised that AKK would still represent Phigenix until the court grants AKK leave to withdraw. Since March 2017, Phigenix has repeatedly advised AKK that it was in the process of retaining substitute counsel and AKK delayed filing the present motion in view of Phigenix's representations in the hopes of avoiding the need for the present motion.

To date, no firm has entered an appearance in this matter on behalf of Phigenix. Therefore, pursuant to Local Rule 11-5(b), as a condition of withdrawal AKK agrees to continue to be served with papers for forwarding purposes until substitute counsel makes an appearance on behalf of Phigenix. Ackerman Decl. ¶ 9.

### III. POTENTIAL IMPACT ON THE CURRENT SCHEDULE

The trial date is currently scheduled for November 27, 2017, and the court's scheduling order includes a number of intermediate pre-trial deadlines, including briefing and a hearing on dispositive motions set for August 3, 2017 and the pre-trial conference on November 2, 2017. Despite numerous requests to Phigenix to determine whether Phigenix may require a modification of the scheduling order to secure substitute counsel if this motion is granted, no instructions with respect to these requests have been received. Ackerman Decl. ¶9. Accordingly, AKK is not currently authorized by Phigenix to request any change to the current scheduling order and AKK leaves that question to the sound discretion of the court.

## IV. CONCLUSION

Since good cause has been shown to allow the withdrawal of AKK as counsel for plaintiff, Phigenix, Inc., it is respectfully requested that the present motion be granted.

A proposed order is attached.

Date: June 9, 2017                             By:   */s/Paul D. Ackerman*

| | |
|---|---|
| PAUL D. ACKERMAN (*pro hac vice*) | GREGORY L. PORTER (*pro hac vice*) |
| paulackerman@andrewskurth.com | GregPorter@andrewskurth.com |
| ANDREWS KURTH KENYON LLP | ANDREWS KURTH KENYON LLP |
| 450 Lexington Avenue | Suite 4200 |
| New York, NY 10017 | 600 Travis |
| Tel: 212-850-2858 | Houston, TX 77002 |
| Fax: 212-813-8148 | Tel: 713-220-4621 |
| | Fax: 713-238-7169 |

JOHN MURRAY, Ph.D. (*pro hac vice*)
johnmurray@andrewskurth.com
ANDREWS KURTH KENYON LLP
1350 I Street, NW, Suite 1100
Washington, DC 20005
Tel: 202.662.2700
Fax: 202.662.2739

Attorneys for Plaintiff PHIGENIX, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIGENIX, INC., <br><br>                Plaintiff, <br><br>  v. <br><br>GENENTECH, INC., <br><br>                Defendant. | Case No. C 15-01238 BLF-NMC <br><br>**NOTICE OF MOTION AND MOTION TO ALLOW ANDREWS KURTH KENYON ATTORNEYS TO WITHDRAW AS PLAINTIFF'S COUNSEL** <br><br>Date:  August 3, 2017 <br>Time:  9:00 a.m. <br>Courtroom: 3 <br>Judge:   Honorable Beth Labson Freeman |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 9, 2017, Andrews Kurth Kenyon LLC's NOTICE OF MOTION AND MOTION TO ALLOW ANDREWS KURTH KENYON ATTORNEYS TO WITHDRAW AS PLAINTIFF'S COUNSEL was served on all counsel of record via the Court's ECF system.

Michael A. Jacobs  
Matthew I. Kreeger  
Matthew A. Chivvis  
Morrison & Foerster, LLP  
425 Market Street  
San Francisco, CA 94105-2482  
415-268-7000  
mjacobs@mofo.com  
mkreeger@mofo.com  
mchivvis@mofo.com

Matthew Mark D'Amore  
Morrison & Foerster LLP  
250 West 55th Street  
New York, NY 10019  
212-468-8000  
Fax: 212-468-7900  
Email: mdamore@mofo.com

                                                       /*s*/John Murray/