# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| PHIGENIX, INC.,<br>   Plaintiff,<br> v.<br>GENENTECH INC,<br>   Defendant. | Case No. 15-cv-01238-BLF<br><br>**ORDER DENYING MOTION TO SEAL**<br>[Re: ECF 354] |

Before the Court is Defendant's motion to file under seal its exhibits in support of its motion to exclude expert testimony. ECF 354. For the reasons discussed below, the Court DENIES the motion.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm

their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed. Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving to seal the documents attached to such motions must meet the lower "good cause" standard of Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by

2

1 highlighting or other clear method, the portions of the document that have been omitted from the
2 redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative
3 Motion to File Under Seal, the Designating Party must file a declaration as required by subsection
4 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

The Court has reviewed Defendant's sealing motion and its declaration in support thereof. ECF 354-1. Defendant seeks to seal in their entirety Exhibits 3 and 4 to the Kreeger Declaration in support of Defendant's Motion to Exclude Expert testimony. ECF 355. According to Defendant, these exhibits contain "references to confidential terms of agreements between Genentech and third parties, including quotations and financial terms." Kreeger Decl. ¶¶ 3-4, ECF 354-1. Although Defendant has articulated compelling reasons to seal portions of the submitted exhibits, its request is not narrowly tailored. Defendant seeks to seal each of the exhibits in their entirety, whereas Defendants' statements regarding confidentiality apply only to select portions of each of the documents. For this reason, the Court DENIES Defendant's sealing motion WITHOUT PREJUDICE.

## III. ORDER

Defendant's sealing motion is DENIED WITHOUT PREJUDICE. No later than 10 days from the filing of this order, Defendant may renew its motion so as to more narrowly tailor its request to seal and/or provide sufficient reasons in the supporting declaration to seal the documents in their entirety. If Defendant does not renew its motion, it must, pursuant to Civil Local Rule 79-5(e)(2), file the unredacted documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order.

Dated: July 5, 2017

BETH LABSON FREEMAN
United States District Judge

3